IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TASHA WADE,                          *
                                     *
                  Plaintiff,         *
vs.                                  *          No. 4:13-cv-00749-SWW
                                     *
                                     *
FALCON MECHANICAL                    *
CONTRACTORS, INC.; and               *
SHANE MARCUS, in his official        *
and individual capacity,             *
                                     *
                  Defendants,        *
                                     *

                        _____

FALCON MECHANICAL                    *
CONTRACTORS, INC.,                   *
                                     *
                  Counter-Plaintiff, *
vs.                                  *
                                     *
                                     *
TASHA WADE,                          *
                                     *
                  Counter-Defendant. *

## ORDER

Tasha Wade, who is proceeding pro se, brings this action against her former

employer, Falcon Mechanical Contractors, Inc. (Falcon), and Shane Marcus (who Wade

claims is Falcon's owner, operator, and manager) pursuant to Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., and the Arkansas Civil Rights Act of

1993, Ark. Code Ann. § 16-123-101 *et seq*.  Falcon has counterclaimed against Wade

alleging embezzlement, conversion, breach of fiduciary duty, and failure to pay a debt.

Before the Court is a motion of defendants for sanctions in the form of dismissal of Wade's complaint for violation of the Court's discovery orders [doc.#25]. Wade has not responded to defendants' motion and the time for doing so has passed. Having considered the matter, the Court grants defendants' motion for sanctions and dismisses Wade's complaint without prejudice. Because Falcon's counterclaim relies solely on state law, the Court declines to exercise supplemental of Falcon's counterclaim and dismisses it without prejudice to its refiling in state court.

## I.

Wade brought this action through retained counsel. However, Wade's counsel subsequently moved to withdraw, with counsel noting that she has made numerous email, phone call, and voice message attempts to communicate with Wade regarding urgent discovery matters in this action but has only received a limited response. There was no objection to counsel's motion and the Court, by order entered June 30, 2014 [doc.#17], granted counsel's motion to withdraw. As Wade was from that point on proceeding pro se, the Court informed Wade that she is required to be familiar and comply with all the Federal Rules of Civil Procedure as well as the Local Rules of this Court and that failure to so comply <u>can</u> result in dismissal of her claim.[1]

---

[1] The Court informed Wade that the Federal Rules of Civil Procedure are available in many libraries and bookstores, that the Local Rules can be obtained from the Clerk of the Court for the Eastern District of Arkansas, and that said rules may be accessed from the internet website of the United States District Court for the Eastern District of Arkansas. In addition, the Court informed Wade of the requirements of Local Rule 5.5(c)(2), which provides as follows:

Parties appearing *pro se.* It is the duty of any party not represented by counsel to

Subsequently, Marcus filed a motion to compel responses to discovery propounded by both Marcus and Falcon [doc.#18]. Wade did not respond to Marcus's motion. As there was no objection, the Court, by order entered July 29, 2014 [doc.#22], granted Marcus's motion to compel and ordered that within 14 days of the date of entry of the order, Wade (1) provide full and complete responses to Marcus's Interrogatories and Requests for Production of Documents without redaction, (2) provide full and complete responses to Falcon's Interrogatories and Requests for Production of Documents without redaction, and (3) complete the authorizations tendered in discovery. The Court informed Wade that failure to comply with the order would result in sanctions, including possible dismissal without prejudice of her claims against Falcon and Marcus.

On September 9, 2014, Falcon and Marcus filed the motion for sanctions now before the Court. Defendants argue that Wade failed to provide full and complete responses to both defendants' separate Interrogatories and Requests for Production of Documents without redaction. Defendants argue this is a direct violation of the Court's

---

promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

See also *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) (*pro se* litigant is bound by same litigation rules as lawyers, particularly with regard to fulfilling simple discovery requirements). The Court's order was sent to Wade by both regular and certified mail. However, the certified mail was returned to the Court as unclaimed. See doc.#21.

discovery order and creates a prejudicial result in which, *inter alia*, they cannot properly

defend themselves.  The defendants seek dismissal of Wade's complaint for violation of

the Court's discovery orders.

## II.

### A.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes district courts to

dismiss a case when a plaintiff "fails to prosecute or to comply with these rules or a court

order."  Despite the breadth of the language of Fed.R.Civ.P. 41(b), however, the Eighth

Circuit has recognized that dismissal with prejudice is an extreme sanction that should be

used only in cases of willful disobedience of a court order or where a litigant exhibits a

pattern of intentional delay.  *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 722 (8ᵗʰ Cir.

2010) (internal quotation marks and citation omitted).  A plaintiff need not have acted in

bad faith, but the district court must find that the plaintiff "acted intentionally as opposed

to accidentally or involuntarily." *Id.*  A district court should weigh its need to advance its

burdened docket against the consequence of irrevocably extinguishing the litigant's claim

and consider whether a less severe sanction could remedy the effect of the litigant's

transgressions on the court and the resulting prejudice to the opposing party.  *Id.*

Rule 37 of the Federal Rules of Civil Procedure also allows the Court to consider

numerous sanctions for failing to comply with an order compelling discovery.  See

Fed.R.Civ.P. 37(b)(2)(A)-(C) (possible sanctions include (i) directing that the matters

embraced in the order or other designated facts be taken as established for purposes of the

action, as the prevailing party claims, (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence, (iii) striking pleadings in whole or part, (iv) staying further proceedings until the order compelling discovery is obeyed, (v) dismissing the action or proceeding in whole or in part, (vi) rendering a default judgment against the disobedient party, or (vii) treating as contempt of court the failure to obey the order).  Dismissal as a sanction requires (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party.  See *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940-41 (8th Cir. 2001) (citation omitted).

## B.

The Court has carefully considered the matter and determines that dismissal of Wade's complaint without prejudice is warranted.  Wade has ignored and continues to ignore her requirement to provide discovery despite a warning that this action will be dismissed and she does not dispute the assertions regarding willful noncompliance contained in defendants' motion for sanctions.  Given this history, it can only be concluded that Wade's failure to comply with this Court's July 29th order to provide discovery is willful.  Defendants have also been prejudiced by Wade's continued refusal to provide discovery as they cannot prepare for trial if Wade will not participate in the discovery process.

The Court has considered imposing lesser sanctions for Wade's refusal to provide discovery, but it is clear that Wade's failure to provide discovery is willful and will

continue.  That being so, and given Wade's refusal to provide discovery to the prejudice of defendants, the Court determines that dismissal of Wade's complaint without prejudice is the appropriate sanction.[2]

## C.

Having dismissed Wade's federal claims, the Court dismisses Falcon's counterclaim, which is based solely on state law, without prejudice to its refiling in state court.  See *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) ("[i]t is within the district court's discretion to exercise supplemental jurisdiction after dismissal of the federal claim" but "[w]here, as here, resolution of the remaining claims depends solely on a determination of state law, the Court should decline to exercise jurisdiction."); *Figg v. Russell*, 433 F.3d 593, 600 (8th Cir. 2006) (noting that when district court dismissed federal 42 U.S.C. § 1983 action, it should have exercised its discretion to dismiss state-law claims without prejudice, leaving it to plaintiff to determine whether to reassert them in state court).  *Cf. Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 577-78 (5th Cir. 2006) (having dismissed federal claims, district court should not have continued to exercise supplemental jurisdiction over state-law counterclaims as all claims with even tenable connection to federal jurisdiction had been dismissed very early in the litigation).

---

[2] Because the Court, in its order granting Marcus's motion to compel and ordering Wade to provide discovery, warned Wade that failure to comply with the order would result in the possible dismissal of her claims against Falcon and Marcus without prejudice, the Court does not today dismiss her complaint with prejudice.  However, as a condition to refiling this action, Wade must pay all costs incurred by defendants to date, including reasonable attorney's fees.

III.

For the foregoing reasons, the Court grants Falcon Mechanical Contractors, Inc.'s and Shane Marcus's motion for sanctions [doc.#25].  The Court dismisses Tasha Wade's complaint without prejudice and dismisses Falcon Mechanical Contractors, Inc.'s counterclaim without prejudice.

IT IS SO ORDERED this 29th day of September 2014.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE